SCHEIDEMANTLE LAW GROUP P.C.
DAVID R. SCHEIDEMANTLE, State Bar No. 150054
dscheidemantle@ScheidemantleLawGroup.com
PETER E. SCHNAITMAN, State Bar No. 218982
pschnaitman@ScheidemantleLawGroup.com
JOSHUA J. POLLACK, State Bar No. 215922
jpollack@ScheidemantleLawGroup.com
35 East Union Street, Suite B
Pasadena, California  91103
Telephone:   (626) 638-1758
Facsimile:    (626) 628-1950

Attorneys for Defendant Bostik, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CLARK, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOSTIK, INC., a Delaware corporation; DAVID C. GREENBAUM CO., INC., a California corporation; LEONARD'S CARPET SERVICES, INC., a California Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-02670-JM-JLB<br><br>[Hon. Jeffrey T. Miller]<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOSTIK, INC., TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Bostik, Inc. ("Bostik"), answers the Complaint of Plaintiff Annette Clark, individually and on behalf of all those similarly situated ("Plaintiff"), as follows.  If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

## PRELIMINARY STATEMENT

1.      Bostik denies each and every allegation contained in Paragraph 1.

1

## <u>VENUE</u>

2.     Paragraph 2 contains legal conclusions to which no response is required.  To the extent Paragraph 2 is intended to include any allegations of fact, Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies each and every allegation contained in Paragraph 2.

## <u>PARTIES</u>

3.     Bostik admits that it is a Delaware corporation, that it does business in the State of California, and that it manufactured and sold Durabond® D-70 ProFlex™ Mortar ("D-70").  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraph 3.

4.     Bostik admits that it is a leading global adhesive specialist in industrial manufacturing, construction, and consumer markets, that it has made innovative adhesives for more than a century, and that it has a manufacturing plant located at 27460 Bostik Court, Temecula, CA 92590.  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraph 4.

5.     Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies each and every allegation contained in Paragraph 5.

6.     Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore denies each and every allegation contained in Paragraph 6.

7.     Bostik admits that it manufactured and sold D-70.  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraph 7.

8.     Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies each and every allegation contained in Paragraph 8.

Case No.: 3:15-cv-02670-JM-JLB
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOSTIK, INC., TO PLAINTIFF'S COMPLAINT

9.     Paragraph 9 contains legal conclusions to which no response is required.  To the extent Paragraph 9 is intended to include any allegations of fact, Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies each and every allegation contained in Paragraph 9.

10.     Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies each and every allegation contained in Paragraph 10.

**Plaintiff**

11.     Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies each and every allegation contained in Paragraph 11.

12.     Paragraph 12 contains legal conclusions to which no response is required.  To the extent Paragraph 12 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 12.

13.     Paragraph 13 contains legal conclusions to which no response is required.  To the extent Paragraph 13 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent Paragraph 14 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 14.

## CONDUCT

15.     Bostik denies each and every allegation contained in Paragraph 15.

16.     Bostik denies each and every allegation contained in Paragraph 16.

17.     Bostik denies each and every allegation contained in Paragraph 17.

18.     Bostik denies each and every allegation contained in Paragraph 18.

19.     Bostik denies each and every allegation contained in Paragraph 19.

20.     Bostik denies each and every allegation contained in Paragraph 20.

21.    Bostik denies each and every allegation contained in Paragraph 21.

22.    Bostik denies each and every allegation contained in Paragraph 22.

23.    Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore denies each and every allegation contained in Paragraph 23.

24.    Bostik denies each and every allegation contained in Paragraph 24.

25.    Bostik admits that the document attached as Exhibit A to the Complaint is a copy of a document about D-70.  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraph 25.

26.    Bostik denies each and every allegation contained in Paragraph 26.

27.    Bostik admits that the document attached as Exhibit B to the Complaint is a copy of a May 2003 Technical Data Sheet for D-70.  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraph 27.

28.    Bostik denies each and every allegation contained in Paragraph 28.

29.    Bostik denies each and every allegation contained in Paragraph 29.

30.    Bostik admits that the document attached as Exhibit C to the Complaint is a copy of a document entitled Durabond® D-70™ ProFlex Latex-Modified Thin-Set Crack Suppression and Adhesive Warranty.  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraph 30.

31.    Bostik denies each and every allegation contained in Paragraph 31.

32.    Bostik denies each and every allegation contained in Paragraph 32.

33.    Bostik denies each and every allegation contained in Paragraph 33.

34.    Bostik denies each and every allegation contained in Paragraph 34.

35.    Bostik denies each and every allegation contained in Paragraph 35.

36.    Bostik denies each and every allegation contained in Paragraph 36.

37.    Bostik denies each and every allegation contained in Paragraph 37.

38.    Bostik denies each and every allegation contained in Paragraph 38.

39.    Bostik denies each and every allegation contained in Paragraph 39.

1    40.    Bostik denies each and every allegation contained in Paragraph 40.

2    41.    Bostik denies each and every allegation contained in Paragraph 41.

3    42.    Bostik denies each and every allegation contained in Paragraph 42.

4    43.    Bostik denies each and every allegation contained in Paragraph 43.

5    44.    Bostik denies each and every allegation contained in Paragraph 44.

6    45.    Bostik denies each and every allegation contained in Paragraph 45.

7    46.    Bostik denies each and every allegation contained in Paragraph 46.

8    47.    Bostik denies each and every allegation contained in Paragraph 47.

9    48.    Bostik denies each and every allegation contained in Paragraph 48.

10    49.    Bostik denies each and every allegation contained in Paragraph 49.

11                    **TOLLING OF STATUTES OF LIMITATIONS**

12    50.    Paragraph 50 contains legal conclusions to which no response is

13  required.  To the extent Paragraph 50 is intended to include any allegations of fact,

14  Bostik denies the allegations contained in Paragraph 50.

15    51.    Paragraph 51 contains legal conclusions to which no response is

16  required.  To the extent Paragraph 51 is intended to include any allegations of fact,

17  Bostik denies the allegations contained in Paragraph 51.

18    52.    Paragraph 52 contains legal conclusions to which no response is

19  required.  To the extent Paragraph 52 is intended to include any allegations of fact,

20  Bostik denies the allegations contained in Paragraph 52.

21    53.    Paragraph 53 contains legal conclusions to which no response is

22  required.  To the extent Paragraph 53 is intended to include any allegations of fact,

23  Bostik denies the allegations contained in Paragraph 53.

24    54.    Paragraph 54 contains legal conclusions to which no response is

25  required.  To the extent Paragraph 54 is intended to include any allegations of fact,

26  Bostik denies the allegations contained in Paragraph 54.

27

28

1

## **CLASS ACTION ALLEGATIONS**

2   55.    Paragraph 55 contains legal conclusions to which no response is

3   required.  To the extent Paragraph 55 is intended to include any allegations of fact,

4   Bostik denies the allegations contained in Paragraph 55.

5   56.    Paragraph 56 contains legal conclusions to which no response is

6   required.  To the extent Paragraph 56 is intended to include any allegations of fact,

7   Bostik denies the allegations contained in Paragraph 56.

8   57.    Paragraph 57 contains legal conclusions to which no response is

9   required.  To the extent Paragraph 57 is intended to include any allegations of fact,

10   Bostik denies the allegations contained in Paragraph 57.

11   58.    Paragraphs 58, 58(a), 58(b), 58(c), 58(d), and 58(e) state legal

12   conclusions to which no response is required.  To the extent Paragraphs 58, 58(a),

13   58(b), 58(c), 58(d), and 58(e) are intended to include any allegations of fact, Bostik

14   denies the allegations contained in Paragraphs  58, 58(a), 58(b), 58(c), 58(d), and

15   58(e).

16   59.    Paragraph 59 contains legal conclusions to which no response is

17   required.  To the extent Paragraph 59 is intended to include any allegations of fact,

18   Bostik denies the allegations contained in Paragraph 59.

19   60.    Paragraph 60 contains legal conclusions to which no response is

20   required.  To the extent Paragraph 60 is intended to include any allegations of fact,

21   Bostik denies the allegations contained in Paragraph 60.

22   61.    Paragraph 61 contains legal conclusions to which no response is

23   required.  To the extent Paragraph 61 is intended to include any allegations of fact,

24   Bostik denies the allegations contained in Paragraph 61.

25

26

27

28

**FIRST CAUSE OF ACTION**

**Breach of Express Warranties under Common Law,**

**Cal. Civ. Code 1790 *et seq*., and Cal. Comm. Code § 2313**

**(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

62.     With respect to the allegations contained in Paragraph 62, Bostik incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 61, 63 through 132, and all subsequent paragraphs.

63.     Bostik admits that the document attached as Exhibit A to the Complaint is a copy of a document about D-70 and that the document attached as Exhibit C to the Complaint is a copy of a document entitled Durabond® D-70™ ProFlex Latex-Modified Thin-Set Crack Suppression and Adhesive Warranty.  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraphs 63, 63(a), and 63(b).

64.     Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore denies each and every allegation contained in Paragraph 64.

65.     Bostik denies each and every allegation contained in Paragraph 65.

66.     Bostik denies each and every allegation contained in Paragraph 66.

67.     Paragraph 67 contains legal conclusions to which no response is required.  To the extent Paragraph 67 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 67.

68.     Bostik denies each and every allegation contained in Paragraph 68.

## SECOND CAUSE OF ACTION

**Breach of Implied Warranty of Merchantability pursuant to the Common Law, and Cal. Comm. Code § 2314**

**(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

69.     With respect to the allegations contained in Paragraph 69, Bostik incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 68.

70.     Paragraph 70 contains legal conclusions to which no response is required.  To the extent Paragraph 70 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 70.

71.     Bostik denies each and every allegation contained in Paragraph 71.

72.     Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 and therefore denies each and every allegation contained in Paragraph 72.

73.     Bostik denies each and every allegation contained in Paragraph 73.

74.     Bostik denies each and every allegation contained in Paragraph 74.

75.     Bostik denies each and every allegation contained in Paragraph 75.

76.     Bostik denies each and every allegation contained in Paragraph 76.

77.     Bostik denies each and every allegation contained in Paragraph 77.

78.     Bostik denies each and every allegation contained in Paragraph 78.

79.     Bostik denies each and every allegation contained in Paragraph 79.

80.     Bostik denies each and every allegation contained in Paragraph 80.

81.     Bostik denies each and every allegation contained in Paragraph 81.

## THIRD CAUSE OF ACTION

**Unfair Business Practices**

**Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.**

**(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

82.     With respect to the allegations contained in Paragraph 82, Bostik incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 81, 83 through 132, and all subsequent paragraphs.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent Paragraph 83 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent Paragraph 84 is intended to include any allegations of fact, Bostik denies each and every allegation contained in Paragraph 84.

85.     Bostik denies each and every allegation contained in Paragraph 85.

86.     Bostik denies each and every allegation contained in Paragraph 86.

87.     Bostik denies each and every allegation contained in Paragraph 87.

88.     Paragraph 88 contains legal conclusions to which no response is required.  To the extent Paragraph 88 is intended to include any allegations of fact, Bostik denies each and every allegation contained in Paragraph 88.

89.     Bostik denies each and every allegation contained in Paragraph 89.

90.     Paragraph 90 contains legal conclusions to which no response is required.  To the extent Paragraph 90 is intended to include any allegations of fact, Bostik states that the opinion of the California Supreme Court in *Vasquez v. Superior Court*, 4 Cal. 3d 800, 808 (1971), contains the language quoted in Paragraph 90.  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraph 90.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOSTIK, INC., TO PLAINTIFF'S COMPLAINT

91.     Paragraph 91 contains legal conclusions to which no response is required.  To the extent Paragraph 91 is intended to include any allegations of fact, Bostik denies each and every allegation contained in Paragraph 91.

92.     Paragraph 92 contains legal conclusions to which no response is required.  To the extent Paragraph 92 is intended to include any allegations of fact, Bostik denies each and every allegation contained in Paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent Paragraph 93 is intended to include any allegations of fact, Bostik denies each and every allegation contained in Paragraph 93.

94.     Bostik denies each and every allegation contained in Paragraph 94.

95.     Bostik denies each and every allegation contained in Paragraph 95.

## FOURTH CAUSE OF ACTION

### Fraudulent Business Practices

### Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

### (Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)

96.     With respect to the allegations contained in Paragraph 96, Bostik incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 95, 97 through 132, and all subsequent paragraphs.

97.     Paragraph 97 contains legal conclusions to which no response is required.  To the extent Paragraph 97 is intended to include any allegations of fact, Bostik denies each and every allegation contained in Paragraph 97.

98.     Paragraph 98 contains legal conclusions to which no response is required.  To the extent Paragraph 98 is intended to include any allegations of fact, Bostik denies each and every allegation contained in Paragraph 98.

99.     Bostik denies each and every allegation contained in Paragraph 99.

100.    Bostik denies each and every allegation contained in Paragraph 100.

101.    Bostik denies each and every allegation contained in Paragraph 101.

102.    Bostik denies each and every allegation contained in Paragraph 102.

1     103.  Paragraph 103 contains legal conclusions to which no response is
2 required.  To the extent Paragraph 103 is intended to include any allegations of fact,
3 Bostik denies the allegations contained in Paragraph 103.

### FIFTH CAUSE OF ACTION

**Unlawful Business Practices**

**Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.**

**(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

8     104.  With respect to the allegations contained in Paragraph 104, Bostik
9 incorporates by reference as if set forth and repeated verbatim its responses to
10 Paragraphs 1 through 103, 105 through 132, and all subsequent paragraphs.

11     105.  Paragraph 105 contains legal conclusions to which no response is
12 required.  To the extent Paragraph 105 is intended to include any allegations of fact,
13 Bostik denies the allegations contained in Paragraph 105.

14     106.  Paragraph 106 contains legal conclusions to which no response is
15 required.  To the extent Paragraph 106 is intended to include any allegations of fact,
16 Bostik denies the allegations contained in Paragraph 106.

17     107.  Paragraph 107 contains legal conclusions to which no response is
18 required.  To the extent Paragraph 107 is intended to include any allegations of fact,
19 Bostik denies the allegations contained in Paragraph 107.

20     108.  Paragraph 108 contains legal conclusions to which no response is
21 required.  To the extent Paragraph 108 is intended to include any allegations of fact,
22 Bostik denies the allegations contained in Paragraph 108.

23     109.  Bostik denies each and every allegation contained in Paragraph 109.

24     110.  Bostik denies each and every allegation contained in Paragraph 110.

25     111.  Paragraph 111 contains legal conclusions to which no response is
26 required.  To the extent Paragraph 111 is intended to include any allegations of fact,
27 Bostik denies the allegations contained in Paragraph 111.

28

### SIXTH CAUSE OF ACTION

**False Advertising**

**Violation of Cal. Bus. & Prof. Code §§ 17500 et seq.**

**(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

112.   With respect to the allegations contained in Paragraph 112, Bostik incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 111, 113 through 132, and all subsequent paragraphs..

113.   Paragraph 113 contains legal conclusions to which no response is required.  To the extent Paragraph 113 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 113.

114.   Paragraph 114 contains legal conclusions to which no response is required.  To the extent Paragraph 114 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 114.

115.   Bostik denies each and every allegation contained in Paragraph 115.

116.   Bostik denies each and every allegation contained in Paragraph 116.

117.   Bostik denies each and every allegation contained in Paragraph 117.

118.   Paragraph 118 contains legal conclusions to which no response is required.  To the extent Paragraph 118 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 118.

### SEVENTH CAUSE OF ACTION

**Consumers Legal Remedies Act**

**Violation of Cal. Civ. Code §§ 1750 et seq.**

**(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

119.   With respect to the allegations contained in Paragraph 119, Bostik incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 118, 120 through 132, and all subsequent paragraphs.

120.   Paragraph 120 contains legal conclusions to which no response is required.  To the extent Paragraph 120 is intended to include any allegations of fact,

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOSTIK, INC., TO PLAINTIFF'S COMPLAINT

Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 and therefore denies each and every allegation contained in Paragraph 120.

121.   Paragraph 121 contains legal conclusions to which no response is required.  To the extent Paragraph 121 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 121.

122.   Paragraph 122 contains legal conclusions to which no response is required.  To the extent Paragraph 122 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 122.

123.   Paragraph 123 contains legal conclusions to which no response is required.  To the extent Paragraph 123 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 123.

124.   Paragraph 124 contains legal conclusions to which no response is required.  To the extent Paragraph 124 is intended to include any allegations of fact, Bostik is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124 and therefore denies each and every allegation contained in Paragraph 124.

125.   Paragraph 125 contains legal conclusions to which no response is required.  To the extent Paragraph 125 is intended to include any allegations of fact, Bostik states that Section 1770(a) of the California Civil Code contains the language incompletely quoted in Paragraph 125.  Except as expressly admitted herein, Bostik denies the allegations contained in Paragraph 125.

126.   Paragraph 126 contains legal conclusions to which no response is required.  To the extent Paragraph 126 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 126.

127.   Paragraph 127 contains legal conclusions to which no response is required.  To the extent Paragraph 127 is intended to include any allegations of fact, Bostik denies the allegations contained in Paragraph 127.

1    128.    Bostik denies each and every allegation contained in Paragraph 128.

2    129.    Bostik denies each and every allegation contained in Paragraph 129.

3    130.    Bostik denies each and every allegation contained in Paragraph 130.

4    131.    Bostik denies each and every allegation contained in Paragraph 131.

5    132.    Paragraph 132 contains legal conclusions to which no response is

6    required.  To the extent Paragraph 132 is intended to include any allegations of fact,

7    Bostik admits that, on or about October 19, 2015, Bostik received a letter from

8    Plaintiff's counsel that purported to provide notice and demand to Bostik pursuant to

9    Section 1782(a)(1) of the CLRA.  Except as expressly admitted herein, Bostik

10   denies the allegations contained in Paragraph 132.

## PRAYER FOR RELIEF

11   All paragraphs following Paragraph 132 and beginning with the word

12   "WHEREFORE" contain legal conclusions to which no response is required.  To the

13   extent any paragraphs following Paragraph 132 and beginning with the word

14   "WHEREFORE" are intended to include any allegations of fact, Bostik denies each

15   and every allegation, and specifically denies that Plaintiff is entitled to any of the

16   relief sought therein.

## AFFIRMATIVE DEFENSES

17   Bostik pleads the following separate defenses.  Bostik reserves the right to

18   assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

23   1.    As a separate and first affirmative defense to the Complaint, and to the

24   purported causes of action contained therein, Bostik alleges that Plaintiff fails to

25   state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

2.    As a separate and second affirmative defense to the Complaint, and to the purported causes of action contained therein, Bostik alleges that Plaintiff fails to state facts sufficient to demonstrate that the Court has subject matter jurisdiction. Bostik further alleges that the Court may decline or should decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d).

## THIRD AFFIRMATIVE DEFENSE

### (Causation)

3.    As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that Bostik's conduct was neither the cause in fact nor the proximate cause of any loss, damage, or injury alleged by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Exclusive Liability of Other Parties)

4.    As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that if there is any liability on the part of the parties named herein, it is the sole and exclusive liability of other parties and third parties, and not of Bostik.

## FIFTH AFFIRMATIVE DEFENSE

### (Intervening Independent Acts)

5.    As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that if Plaintiff suffered or sustained any loss, damage, or injury as alleged in the Complaint, such loss, damage, or injury was legally caused by or contributed to by the wrongful conduct of other parties, persons, or entities for whose acts and conduct Bostik is not legally responsible, which wrongful conduct was an intervening independent cause of the loss, damage, or injury of which Plaintiff complains.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

6.     As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that Plaintiff, Plaintiff's agents, employees, servants, relatives, and representatives were legally responsible or otherwise at fault for the damages alleged in the Complaint.  Bostik hereby requests that in the event of a finding of liability in favor of Plaintiff or settlement or judgment against Bostik, an apportionment of fault may be made among all parties. Bostik further requests a judgment and declaration of partial indemnification and contribution against all other parties, persons and/or entities in accordance with the apportionment of fault.

## SEVENTH AFFIRMATIVE DEFENSE

### (Non-Joint Liability for Non-Economic Damages)

7.     As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, should it be found that Bostik is in any manner legally responsible for any damages sustained by Plaintiff, which Bostik specifically denies, such liability for any non-economic damages shall be several only and not joint, such that Bostik shall be liable only for the amount of non-economic damages allocated to Bostik in direct proportion to its percentage of fault, if any.  California Civil Code §§ 1431 and 1431.2.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Take Adequate Precautions)

8.     As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that Plaintiff failed to take precautions which would have avoided and/or diminished Plaintiff's damages, if any.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOSTIK, INC., TO PLAINTIFF'S COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Sophisticated User)

9.      As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that if Plaintiff's damages were caused by any product manufactured or sold by Bostik, which Bostik specifically denies, such product was intended for, and sold to, a knowledgeable and sophisticated user, over whom Bostik had no control or who was fully informed as to the risks and dangers, if any, associated with such product and the precautions, if any, required to avoid those risks and dangers.  By reason thereof, Bostik had no duty to warn or to further warn the knowledgeable users of the risks and dangers, if any, associated with the product.  Whatever injury, if any, Plaintiff sustained was proximately caused by the failure of the knowledgeable user of the product to use it for the purpose for which, and in the manner for which, it was intended to be used.

## TENTH AFFIRMATIVE DEFENSE

### (Unforeseeable Use)

10.     As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that any alleged Bostik product factually involved in the claims asserted by Plaintiff was not used in the manner in which it was intended to be used, and was instead used in a manner that was abnormal and not reasonably foreseeable by Bostik.  Such modification, alteration, abuse, misuse, or failure to properly maintain or care for the subject product caused or contributed to Plaintiff's alleged losses, damages, and injuries, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.     As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that the purported causes of action asserted in the Complaint are barred, in whole or in part, by such

1  statutes of limitation as may be applicable, including, but not limited to, California
2  Code of Civil Procedure § 335 through § 349.3, and including without limitation
3  California Code of Civil Procedure §§ 337, 338, 339, 340, 343, and 361, California
4  Commercial Code § 2725, California Business and Professions Code § 17208, and
5  California Civil Code § 1783.

## TWELFTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

8      12.    As a separate and twelfth affirmative defense to the Complaint and
9  each purported cause of action contained therein, Bostik alleges that Plaintiff is
10 barred in whole or in part from prosecuting the purported causes of action asserted
11 in the Complaint by the doctrine of laches based on Plaintiff's unreasonable and
12 inexcusable delay to the prejudice of Bostik.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

15     13.    As a separate and thirteenth affirmative defense to the Complaint and
16 each purported cause of action contained therein, Bostik alleges that, as a result of
17 Plaintiff's own acts and/or omissions, Plaintiff has waived any right which Plaintiff
18 may have had to recover, and/or is estopped from recovering, any relief sought
19 against Bostik.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

22     14.    As a separate and fourteenth affirmative defense to the Complaint and
23 each purported cause of action contained therein, Bostik alleges that Plaintiff is
24 barred in whole or in part from prosecuting the purported causes of action asserted
25 in the Complaint by the doctrine of unclean hands.

26
27
28

Case No.: 3:15-cv-02670-JM-JLB
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOSTIK, INC., TO PLAINTIFF'S COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Product Not Defective)

15.    As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that the purported causes of action asserted in the Complaint are barred in whole or in part because the product at issue, if any, was at all times properly prepared, packaged, and distributed, and was not defective.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Warning)

16.    As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that any product that is the subject of the Complaint was formulated, manufactured, marketed, and provided with proper warnings, information, and instructions pursuant to generally recognized and prevailing standards in existence at the time.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Fully Compliant Labels and/or Warnings)

17.    As a separate and seventeenth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that, to the extent, if any, Bostik supplied any product which is alleged to have caused injuries, Bostik's labels contained on, and Bostik's directions provided with and published about, any such product provided directions and warnings that were in compliance with all pertinent state and federal laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fully Informed Intermediaries)

18.    As a separate and eighteenth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that if Bostik did supply any product alleged to have been defective, unfit, or unmerchantable as alleged in the Complaint, it provided such product with adequate warnings and

1 instructions to distributors or other intermediaries who were knowledgeable,

2 informed, and sophisticated concerning the use of the product.

3 ## NINETEENTH AFFIRMATIVE DEFENSE

4 ### (State of the Art)

5      19.    As a separate and nineteenth affirmative defense to the Complaint and

6 each purported cause of action contained therein, Bostik alleges that Plaintiff is

7 barred from recovery herein because Bostik's products were manufactured and sold

8 in conformity with the existing "state of the art" of reasonably acceptable scientific

9 and industrial knowledge, art, and practice and, as a result, said products were not

10 defective in any manner, and as such, Bostik is not liable for Plaintiff's losses,

11 damages, and injuries, if any.

12 ## TWENTIETH AFFIRMATIVE DEFENSE

13 ### (Lack of Privity)

14      20.    As a separate and twentieth affirmative defense to the Complaint and

15 each purported cause of action contained therein, Bostik alleges that the purported

16 causes of action asserted in the Complaint are barred in whole or in part because

17 Plaintiff was never in privity of contract with Bostik.

18 ## TWENTY-FIRST AFFIRMATIVE DEFENSE

19 ### (Economic Loss Doctrine)

20      21.    As a separate and twenty-first affirmative defense to the Complaint and

21 each purported cause of action contained therein, Bostik alleges that the purported

22 causes of action asserted in the Complaint are barred in whole or in part under the

23 economic loss doctrine.

24 ## TWENTY-SECOND AFFIRMATIVE DEFENSE

25 ### (Disclaimer of Implied Warranties)

26      22.    As a separate and twenty-second affirmative defense to the Complaint

27 and each purported cause of action contained therein, Bostik alleges that the

28 purported causes of action asserted in the Complaint are barred in whole or in part

because Bostik conspicuously disclaimed in writing all implied warranties, including without limitation the implied warranties of merchantability and fitness for a particular purpose.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Limited Warranty)

23.     As a separate and twenty-third affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that the purported causes of action asserted in the Complaint are barred in whole or in part due to the limited warranty applicable to the sales of Bostik's products, which excludes liability for any direct, incidental, and consequential damages and limits Bostik's obligation, if any, to the replacement of defective products.  Bostik specifically denies in this instance that any of its products were defective.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Indispensable Parties)

24.     As a separate and twenty-fourth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that the purported claims and causes of action contained in the Complaint require, for complete adjudication, the presence of additional necessary or indispensable parties, without whom the purported claims and causes of action cannot be fully, finally and completely resolved.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Standing)

25.     As a separate and twenty-fifth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that the purported causes of action asserted in the Complaint are barred because Plaintiff lacks standing to assert such purported causes of action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

26.     As a separate and twenty-sixth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik is informed and believes, and on that ground alleges, that Plaintiff failed to take reasonable measures to preserve products and documents sufficient to identify the alleged Bostik product factually involved in the purported causes of action asserted by Plaintiff.  As such, Plaintiff should be barred from pursuing such purported causes of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

27.     As a separate and twenty-seventh affirmative defense to the Complaint and each purported cause of action contained therein, Bostik alleges that Plaintiff had a legal and equitable duty to act reasonably in order to mitigate damages, to the extent there were any, arising from the matters alleged in the Complaint.  Bostik is informed and believes, and on that ground alleges, that Plaintiff failed to discharge Plaintiff's duty to mitigate alleged damages.  Plaintiff is therefore barred from any recovery, or otherwise any recoverable damages must be reduced in proportion to the amount that was mitigated, or could have been mitigated, for Plaintiff's failure, and/or the failure of the persons and/or entities acting on Plaintiff's behalf, to mitigate any purported damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Further Defenses)

28.     As a separate and twenty-eighth affirmative defense to the Complaint and each purported cause of action contained therein, Bostik reserves the right to plead and prove further affirmative defenses as they may become known, as it presently lacks sufficient knowledge or information upon which to form a belief as to such additional, as yet unknown, affirmative defenses.

1    WHEREFORE, Bostik prays for relief as follows:

2    1.    That the Complaint be dismissed, with prejudice and in its entirety;

3    2.    That Plaintiff take nothing by reason of the Complaint and that

4    judgment be entered against Plaintiff and in favor of Bostik;

5    3.    That Bostik be awarded its reasonable attorneys' fees and costs

6    incurred in defending this action; and

7    4.    That Bostik be granted such other and further relief as the Court may

8    deem just and proper under the circumstances.

9

10    DATED: February 8, 2016            Respectfully submitted,

11                                        SCHEIDEMANTLE LAW GROUP P.C.

12

13

14                                By:  */s/ Joshua J. Pollack*

15                                      David R. Scheidemantle
                                        Peter E. Schnaitman
16                                      Joshua J. Pollack

17                                      Attorneys for Defendant BOSTIK, INC.

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOSTIK, INC., TO PLAINTIFF'S COMPLAINT

1
## **DEMAND FOR JURY TRIAL**
2
Defendant Bostik, Inc., requests a jury trial on all issues triable to a jury.

3

4
DATED: February 8, 2016          Respectfully submitted,

5
SCHEIDEMANTLE LAW GROUP P.C.
6

7

8
By:  */s/ Joshua J. Pollack*
9
David R. Scheidemantle
Peter E. Schnaitman
10
Joshua J. Pollack
11
Attorneys for Defendant BOSTIK, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BOSTIK, INC., TO PLAINTIFF'S COMPLAINT