ALAN J. DROSTE [SBN 105616]
adroste@kpdlex.com
KING PARRET & DROSTE LLP
450 Newport Center Drive, Suite 500
Newport Beach, CA 92660
Telephone: (949) 939-3484
Facsimile:  (949) 644-3993

LAWRENCE M. BUREK [SBN 132001]
lburek@lsblawyers.com
LAW OFFICE OF LAWRENCE M. BUREK
550 North Parkcenter Drive, Suite 204
Santa Ana, CA  92705
Telephone: (714) 564-9033
Facsimile: (714) 564-1685

Attorneys for Defendant
LEONARD'S CARPET SERVICE, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CLARK, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOSTIK, INC., a Delaware corporation; DAVID C. GREENBAUM CO., INC., a California corporation; LEONARD'S CARPET SERVICES, INC., a California Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-02670-JM-JLB<br><br>Hon. Jeffrey T. Miller<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LEONARD'S CARPET SERVICE, INC., TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Leonard's Carpet Service, Inc., erroneously sued as Leonard's Carpet Services, Inc. ("Leonard's Carpet"), answers for itself alone and for no other defendant the Complaint of Plaintiff Annette Clark, individually and purportedly on behalf of all those similarly situated ("Plaintiff"), as follows.  If an averment is not specifically admitted, it is hereby denied.

-1-

## ANSWER TO COMPLAINT
## PRELIMINARY STATEMENT

1.      Leonard's Carpet denies the allegations contained in Paragraph 1.

## VENUE

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent Paragraph 2 is intended to include any allegations of fact, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore denies the allegations contained in Paragraph 2.

## PARTIES

3.      Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore denies the allegations contained in Paragraph 3.

4.      Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore denies the allegations contained in Paragraph 4.

5.      Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies the allegations contained in Paragraph 5.

6.      Leonard's Carpet admits that it is a California corporation and at times used D-70 to install floor tiles as part of the original construction of new homes in Southern California.  Except as expressly admitted, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 and therefore denies such allegations.

7.      Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies the allegations contained in Paragraph 7.

8.     Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies the allegations contained in Paragraph 8.

9.     Paragraph 9 contains legal conclusions to which no response is required.  To the extent Paragraph 9 is intended to include any allegations of fact, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore denies the allegations contained in Paragraph 9.

10.     Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies the allegations contained in Paragraph 10.

**<u>Plaintiff</u>**

11.     Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies the allegations contained in Paragraph 11.

12.     Paragraph 12 contains legal conclusions to which no response is required.  To the extent Paragraph 12 is intended to include any allegations of fact, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies the allegations contained in Paragraph 12.

13.     Paragraph 13 contains legal conclusions to which no response is required.  To the extent Paragraph 13 is intended to include any allegations of fact, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore denies the allegations contained in Paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent Paragraph 14 is intended to include any allegations of fact, Leonard's Carpet is without knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in Paragraph 14 and therefore denies the allegations contained in Paragraph 14.

## **ALLEGED CONDUCT**

15.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore denies the allegations contained in Paragraph 15.

16.   Leonard's Carpet admits that at times used D-70 to install floor tiles as part of the original construction of new homes in Southern California.  Except as expressly admitted, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 and therefore denies such allegations.

17.   Leonard's Carpet denies that it engaged in any unscrupulous or fraudulent conduct, violated California consumer protection law, or breached any express or implied warranties as alleged in Paragraph 17. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and therefore denies such allegations.

18.   Leonard's Carpet denies that it perpetrated fraud by omission by concealing any material fact as alleged in Paragraph 18. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 and therefore denies such allegations.

19.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore denies the allegations contained in Paragraph 19.

20.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore denies the allegations contained in Paragraph 20.

21.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore denies the allegations contained in Paragraph 21.

22.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore denies the allegations contained in Paragraph 22.

23.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore denies the allegations contained in Paragraph 23.

24.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore denies the allegations contained in Paragraph 24.

25.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore denies the allegations contained in Paragraph 25.

26.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore denies the allegations contained in Paragraph 26.

27.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore denies the allegations contained in Paragraph 27.

28.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore denies the allegations contained in Paragraph 28.

29.   Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore denies the allegations contained in Paragraph 29.

30. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore denies the allegations contained in Paragraph 30.

31. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore denies the allegations contained in Paragraph 31.

32. Leonard's Carpet admits that at times it purchased and used D-70 to install floor tiles as part of the original construction of new homes in Southern California. Except as expressly admitted, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32 and therefore denies such allegations.

33. Leonard's Carpet admits that at times it purchased D-70 in reliance on certain information and warranties provided by Defendants Bostik, Inc., and David C. Greenbaum Co., Inc., and used D-70 to install floor tiles as part of the original construction of new homes in Southern California. Except as expressly admitted, Leonard's Carpet denies the allegations contained in Paragraph 33.

34. Leonard's Carpet denies that it expressly and impliedly made any warranties as alleged in Paragraph 34. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 and therefore denies such allegations.

35. Leonard's Carpet denies that it expressly and impliedly made any warranties or material admissions as alleged in Paragraph 35. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35 and therefore denies such allegations.

36. Leonard's Carpet denies that it made any written representations and warranty guarantees as alleged in Paragraph 36. Leonard's Carpet is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 and therefore denies such allegations.

37.     Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore denies the allegations contained in Paragraph 37.

38.     Leonard's Carpet denies that it advertised, marketed, sold and/or warranted the product as alleged in Paragraph 38. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38 and therefore denies such allegations.

39.     Leonard's Carpet denies that any defects or damage, if any, was or is latent and was not apparent by reasonable inspection to Plaintiff and/or the purported Class as alleged in Paragraph 39. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39 and therefore denies such allegations.

40.     Leonard's Carpet admits that at certain times and in certain amounts Bostik issued payments and credits to Leonard's Carpet for warranty repair work relating to the installation of tiles using D-70 as part of the original construction of new homes in Southern California. Except as expressly admitted, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40 and therefore denies such allegations.

41.     Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore denies the allegations contained in Paragraph 41.

42.     Leonard's Carpet denies that it purposefully, intentionally and willfully attempted to hide any material information as alleged in Paragraph 42. Leonard's Carpet is without knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in Paragraph 42 and therefore denies such allegations.

43.    Leonard's Carpet denies that it intended or had reason to expect that there were omitted material facts as alleged in Paragraph 43. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43 and therefore denies such allegations.

44.    Leonard's Carpet admits that the allegations in the Complaint are not sufficiently specific.  Except as expressly admitted, Leonard's Carpet denies the remaining allegations contained in Paragraph 44.

45.    Leonard's Carpet denies that it is an entity responsible for omitting and concealing any information, if any, from Plaintiff as alleged in Paragraph 45. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45 and therefore denies such allegations.

46.    Leonard's Carpet denies that it omitted any material fact, if any, as alleged in Paragraph 46. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 46 and therefore denies such allegations.

47.    Leonard's Carpet denies that it concealed any material fact, if any, as alleged in Paragraph 47. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 47 and therefore denies such allegations.

48.    Leonard's Carpet denies that it omitted any material information, if any, as alleged in Paragraph 48. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48 and therefore denies such allegations.

49.    Leonard's Carpet denies that it omitted any material information, if any, as alleged in Paragraph 49. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 and therefore denies such allegations.

## ALLEGED TOLLING OF STATUTES OF LIMITATIONS

50.    Paragraph 50 contains legal conclusions to which no response is required. To the extent Paragraph 50 is intended to include any allegations of fact, Leonard's Carpet denies that it has made any knowing and active concealment of any facts or kept Plaintiff and purported Class members ignorant of any material information as alleged in Paragraph 50, and Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 50 and therefore denies such allegations.

51.    Paragraph 51 contains legal conclusions to which no response is required.  To the extent Paragraph 51 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 51.

52.    Paragraph 52 contains legal conclusions to which no response is required. To the extent Paragraph 52 is intended to include any allegations of fact, Leonard's Carpet denies that it concealed any material fact as alleged in Paragraph 52, and Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52 and therefore denies such allegations.

53.    Paragraph 53 contains legal conclusions to which no response is required.  To the extent Paragraph 53 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 53.

54.    Paragraph 54 contains legal conclusions to which no response is required. To the extent Paragraph 54 is intended to include any allegations of fact, Leonard's Carpet denies that it was or is in possession of facts and information that it failed to disclose as alleged in Paragraph 54, and Leonard's Carpet is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54 and therefore denies such allegations.

## PURPORTED CLASS ACTION ALLEGATIONS

55.    Paragraph 55 contains legal conclusions to which no response is required. To the extent Paragraph 55 is intended to include any allegations of fact, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 and therefore denies such allegations.

56.    Paragraph 56 contains legal conclusions to which no response is required. To the extent Paragraph 56 is intended to include any allegations of fact, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 56 and therefore denies such allegations.

57.    Paragraph 57 contains legal conclusions to which no response is required.  To the extent Paragraph 57 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 57.

58.    Paragraphs 58, 58(a), 58(b), 58(c), 58(d), and 58(e) state legal conclusions to which no response is required.  To the extent Paragraphs 58, 58(a), 58(b), 58(c), 58(d), and 58(e) are intended to include any allegations of fact, Leonard's Carpet incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 57, the remainder of this Answer, and all Affirmative Defenses, and Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraphs 58, 58(a), 58(b), 58(c), 58(d), and 58(e) and therefore denies such allegations.

59.    Paragraph 59 states legal conclusions to which no response is required. To the extent Paragraph 59 is intended to include any allegations of fact, Leonard's Carpet incorporates by reference as if set forth and repeated verbatim its responses

-10-

1  to Paragraphs 1 through 58, the remainder of this Answer, and all Affirmative

2  Defenses, and Leonard's Carpet is without knowledge or information sufficient to

3  form a belief as to the truth or falsity of the remaining allegations in Paragraph 59

4  and therefore denies such allegations.

5      60.    Paragraph 60 contains legal conclusions to which no response is

6  required. To the extent Paragraph 60 is intended to include any allegations of fact,

7  Leonard's Carpet denies the allegations contained in Paragraph 60.

8      61.    Paragraph 61 contains legal conclusions to which no response is

9  required.  By making repeated allegations about "the inherent defects in the

10 Dishwashers," the pleading is incoherent. To the extent Paragraph 61 is intended to

11 include any allegations of fact, Leonard's Carpet denies the allegations contained in

12 Paragraph 61.

13              **FIRST CAUSE OF ACTION**

14          **Breach of Express Warranties under Common Law,**

15          **Cal. Civ. Code 1790 *et seq*., and Cal. Comm. Code § 2313**

16          **(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

17     62.    With respect to the allegations contained in Paragraph 62, Leonard's

18 Carpet incorporates by reference as if set forth and repeated verbatim its responses

19 to Paragraphs 1 through 61, the remainder of this Answer, and all Affirmative

20 Defenses.

21     63.    Leonard's Carpet denies that it made numerous express written

22 warranties and affirmations of fact as alleged in Paragraph 63. Leonard's Carpet is

23 without knowledge or information sufficient to form a belief as to the truth or

24 falsity of the remaining allegations in Paragraph 63 and therefore denies such

25 allegations.

26     64.    Leonard's Carpet admits that the Exhibit "D" attached to the complaint

27 is a document that was prepared by Leonard's Carpet.  Except as expressly

28 admitted, Leonard's Carpet denies the allegations contained in Paragraph 64.

65.     Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 65. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 65 and therefore denies such allegations.

66.     Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 66. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 66 and therefore denies such allegations.

67.     Paragraph 67 contains legal conclusions to which no response is required.  To the extent Paragraph 67 is intended to include any allegations of fact, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 67. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67 and therefore denies such allegations.

68.     Paragraph 68 contains legal conclusions to which no response is required.  To the extent Paragraph 68 is intended to include any allegations of fact, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 68. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 68 and therefore denies such allegations.

## SECOND CAUSE OF ACTION

**Breach of Implied Warranty of Merchantability**

**pursuant to the Common Law, and Cal. Comm. Code § 2314**

**(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

69.     With respect to the allegations contained in Paragraph 69, Leonard's Carpet incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 68.

70.    Paragraph 70 contains legal conclusions to which no response is required.  To the extent Paragraph 70 is intended to include any allegations of fact, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 70. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 70 and therefore denies such allegations.

71.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 71. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 71 and therefore denies such allegations.

72.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 72. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72 and therefore denies such allegations.

73.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 73. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 73 and therefore denies such allegations.

74.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 74. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 74 and therefore denies such allegations.

75.    Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and therefore denies the allegations contained in Paragraph 75.

76.    Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and therefore denies the allegations contained in Paragraph 76.

77.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 77. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77 and therefore denies such allegations.

78.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 78. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78 and therefore denies such allegations.

79.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 79. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 79 and therefore denies such allegations.

80.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 80. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 80 and therefore denies such allegations.

81.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 81. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 81 and therefore denies such allegations.

## THIRD CAUSE OF ACTION

### Unfair Business Practices

### Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

### (Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)

82.    With respect to the allegations contained in Paragraph 82, Leonard's Carpet incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 81.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent Paragraph 83 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent Paragraph 84 is intended to include any allegations of fact, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 84. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 84 and therefore denies such allegations.

85.     Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 85. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85 and therefore denies such allegations.

86.     Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 86. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 86 and therefore denies such allegations.

87.     Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 87. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 87 and therefore denies such allegations.

88.     Leonard's Carpet denies that its practices are unfair or that its practices violate public policy, are immoral, unethical, oppressive, or unscrupulous, or were without valid justification or utility as alleged in Paragraph 88. By making allegations about "substantially injurious to employees," the pleading is incoherent. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 88 and therefore denies such allegations.

89.     Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 89. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 89 and therefore denies such allegations.

90.     Paragraph 90 contains legal conclusions to which no response is required.  To the extent Paragraph 90 is intended to include any allegations of fact, Leonard's Carpet states that the opinion of the California Supreme Court in *Vasquez v. Superior Court*, 4 Cal. 3d 800, 808 (1971), contains the language quoted in Paragraph 90.  Except as expressly admitted herein, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 90. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90 and therefore denies such allegations.

91.     Leonard's Carpet denies that its practices were unlawful, unfair and deceptive and that it made false and/or misleading statements as alleged in Paragraph 91. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 91 and therefore denies such allegations.

92.     Leonard's Carpet denies that its practices were unlawful and unfair or unfairly compete with competitors as alleged in Paragraph 92. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 92 and therefore denies such allegations.

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent Paragraph 93 is intended to include any allegations of fact, Leonard's Carpet denies that its practices were unlawful and unfair as alleged in Paragraph 93. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 93 and therefore denies such allegations.

94.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 94. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 94 and therefore denies such allegations.

95.    Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 95. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 95 and therefore denies such allegations.

## FOURTH CAUSE OF ACTION

### Fraudulent Business Practices

### Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

### (Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)

96.    With respect to the allegations contained in Paragraph 96, Leonard's Carpet incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 95.

97.    Paragraph 97 contains legal conclusions to which no response is required.  To the extent Paragraph 97 is intended to include any allegations of fact, Leonard's Carpet denies that its practices are fraudulent and deceived and/or are likely to deceive as alleged in Paragraph 97. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 97 and therefore denies such allegations.

98.    Paragraph 98 contains legal conclusions to which no response is required.  To the extent Paragraph 98 is intended to include any allegations of fact, Leonard's Carpet denies that its concealed material facts and made false and/or misleading statements as alleged in Paragraph 98. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98 and therefore denies such allegations.

99. Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 99. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 99 and therefore denies such allegations.

100. Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 100. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 100 and therefore denies such allegations.

101. Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 101. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 101 and therefore denies such allegations.

102. Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 102. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 102 and therefore denies such allegations.

103. Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 103. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 103 and therefore denies such allegations.

## FIFTH CAUSE OF ACTION

### Unlawful Business Practices

### Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

### (Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)

104. With respect to the allegations contained in Paragraph 104, Leonard's Carpet incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 103.

1   105.   Paragraph 105 contains legal conclusions to which no response is

2   required.  To the extent Paragraph 105 is intended to include any allegations of fact,

3   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph

4   105. Leonard's Carpet is without knowledge or information sufficient to form a

5   belief as to the truth or falsity of the remaining allegations in Paragraph 105 and

6   therefore denies such allegations.

7   106.   Paragraph 106 contains legal conclusions to which no response is

8   required.  To the extent Paragraph 106 is intended to include any allegations of fact,

9   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph

10   106. Leonard's Carpet is without knowledge or information sufficient to form a

11   belief as to the truth or falsity of the remaining allegations in Paragraph 106 and

12   therefore denies such allegations.

13   107.   Paragraph 107 contains legal conclusions to which no response is

14   required.  To the extent Paragraph 107 is intended to include any allegations of fact,

15   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph

16   107. Leonard's Carpet is without knowledge or information sufficient to form a

17   belief as to the truth or falsity of the remaining allegations in Paragraph 107 and

18   therefore denies such allegations.

19   108.   Paragraph 108 contains legal conclusions to which no response is

20   required.  To the extent Paragraph 108 is intended to include any allegations of fact,

21   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph

22   108. Leonard's Carpet is without knowledge or information sufficient to form a

23   belief as to the truth or falsity of the remaining allegations in Paragraph 108 and

24   therefore denies such allegations.

25   109.   Leonard's Carpet denies any allegations pertaining to it as alleged in

26   Paragraph 109. Leonard's Carpet is without knowledge or information sufficient to

27   form a belief as to the truth or falsity of the remaining allegations in Paragraph 109

28   and therefore denies such allegations.

110.   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 110. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 110 and therefore denies such allegations.

111.   Paragraph 111 contains legal conclusions to which no response is required.  To the extent Paragraph 111 is intended to include any allegations of fact, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 111. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 111 and therefore denies such allegations.

## SIXTH CAUSE OF ACTION

### False Advertising

### Violation of Cal. Bus. & Prof. Code §§ 17500 et seq.

### (Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)

112.   With respect to the allegations contained in Paragraph 112, Leonard's Carpet incorporates by reference as if set forth and repeated verbatim its responses to Paragraphs 1 through 111.

113.   Paragraph 113 contains legal conclusions to which no response is required.  To the extent Paragraph 113 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 113.

114.   Paragraph 114 contains legal conclusions to which no response is required.  To the extent Paragraph 114 is intended to include any allegations of fact, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 114. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 114 and therefore denies such allegations.

115.   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 115. Leonard's Carpet is without knowledge or information sufficient to

1  form a belief as to the truth or falsity of the remaining allegations in Paragraph 115
2  and therefore denies such allegations.

3      116.   Leonard's Carpet denies any allegations pertaining to it as alleged in
4  Paragraph 116. Leonard's Carpet is without knowledge or information sufficient to
5  form a belief as to the truth or falsity of the remaining allegations in Paragraph 116
6  and therefore denies such allegations.

7      117.   Leonard's Carpet denies any allegations pertaining to it as alleged in
8  Paragraph 117. Leonard's Carpet is without knowledge or information sufficient to
9  form a belief as to the truth or falsity of the remaining allegations in Paragraph 117
10 and therefore denies such allegations.

11     118.   Paragraph 118 contains legal conclusions to which no response is
12 required.  To the extent Paragraph 118 is intended to include any allegations of fact,
13 Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph
14 118. Leonard's Carpet is without knowledge or information sufficient to form a
15 belief as to the truth or falsity of the remaining allegations in Paragraph 118 and
16 therefore denies such allegations.

17                    **SEVENTH CAUSE OF ACTION**
18                    **Consumers Legal Remedies Act**
19              **Violation of Cal. Civ. Code §§ 1750 et seq.**
20      **(Alleged by Plaintiffs against Bostik, Greenbaum, and Leonard's)**

21     119.   With respect to the allegations contained in Paragraph 119, Leonard's
22 Carpet incorporates by reference as if set forth and repeated verbatim its responses
23 to Paragraphs 1 through 118.

24     120.   Paragraph 120 contains legal conclusions to which no response is
25 required.  To the extent Paragraph 120 is intended to include any allegations of fact,
26 Leonard's Carpet is without knowledge or information sufficient to form a belief as
27 to the truth or falsity of the allegations in Paragraph 120 and therefore denies the
28 allegations contained in Paragraph 120.

121.   Paragraph 121 contains legal conclusions to which no response is required.  To the extent Paragraph 121 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 121.

122.   Paragraph 122 contains legal conclusions to which no response is required.  To the extent Paragraph 122 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 122.

123.   Paragraph 123 contains legal conclusions to which no response is required.  To the extent Paragraph 123 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 123.

124.   Paragraph 124 contains legal conclusions to which no response is required.  To the extent Paragraph 124 is intended to include any allegations of fact, Leonard's Carpet denies the allegations contained in Paragraph 124.

125.   Paragraph 125 contains legal conclusions to which no response is required.  To the extent Paragraph 125 is intended to include any allegations of fact, Leonard's Carpet states that Section 1770(a) of the California Civil Code contains the language incompletely quoted in Paragraph 125.  Except as expressly admitted herein, Leonard's Carpet denies the allegations contained in Paragraph 125.

126.   Paragraph 126 contains legal conclusions to which no response is required.  To the extent Paragraph 126 is intended to include any allegations of fact, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 126. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 126 and therefore denies such allegations.

127.   Paragraph 127 contains legal conclusions to which no response is required.  To the extent Paragraph 127 is intended to include any allegations of fact, Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 127. Leonard's Carpet is without knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations in Paragraph 127 and therefore denies such allegations.

128.   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 128. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 128 and therefore denies such allegations.

129.   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 129. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 129 and therefore denies such allegations.

130.   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 130. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 130 and therefore denies such allegations.

131.   Leonard's Carpet denies any allegations pertaining to it as alleged in Paragraph 131. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 131 and therefore denies such allegations.

132.   Paragraph 132 contains legal conclusions to which no response is required.  To the extent Paragraph 132 is intended to include any allegations of fact, Leonard's Carpet admits that, on or about October 19, 2015, Leonard's Carpet received a letter from Plaintiff's counsel that purported to provide notice and demand to Leonard's Carpet pursuant to Section 1782(a)(1) of the CLRA. Except as expressly admitted herein, Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 132 and therefore denies such allegations.

## PLAINTIFF'S PRAYER FOR RELIEF

All paragraphs following Paragraph 132 and beginning with the word "WHEREFORE" contain legal conclusions to which no response is required. To the extent any paragraphs following Paragraph 132 and beginning with the word "WHEREFORE" are intended to include any allegations of fact, Leonard's Carpet Leonard's Carpet denies any allegations pertaining to it. Leonard's Carpet is without knowledge or information sufficient to form a belief as to the truth or falsity of any other allegations and therefore denies such allegations.

## AFFIRMATIVE DEFENSES

Leonard's Carpet pleads the following separate defenses. Leonard's Carpet reserves the right to assert additional affirmative defenses that discovery indicates are proper or as are established by the evidence at trial. By asserting the following affirmative defenses, Leonard's Carpet does not allege or admit that it have the burden of proof or the burden of persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. As a separate and first affirmative defense to the Complaint, and to the purported causes of action contained therein, Leonard's Carpet alleges that Plaintiff fails to state facts sufficient to constitute a cause of action, and all rights under the Fed. R. Civ. P., including Rules 9 and 12, are hereby reserved.

## SECOND AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

2. As a separate and second affirmative defense to the Complaint, and to the purported causes of action contained therein, Leonard's Carpet alleges that Plaintiff fails to state facts sufficient to demonstrate that the Court has subject matter jurisdiction. Leonard's Carpet further alleges that the Court may decline or should decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d).

### THIRD AFFIRMATIVE DEFENSE

### (Causation)

3.     As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that Leonard's Carpet's conduct was neither the cause in fact nor the proximate cause of any loss, damage, or injury, if any, as alleged by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

### (Exclusive Liability of Other Parties)

4.     As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that if there is any liability on the part of the parties named herein, it is the sole and exclusive liability of other parties and third parties, and not of Leonard's Carpet.

### FIFTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Independent Acts)

5.     As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that if Plaintiff suffered or sustained any loss, damage, or injury as alleged in the Complaint, such loss, damage, or injury, if any, was legally caused by or contributed to by the wrongful conduct of other parties, persons, or entities for whose acts and conduct Leonard's Carpet is not legally responsible, which wrongful conduct was an intervening or superseding independent cause of the loss, damage, or injury of which Plaintiff complains.

### SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

6.     As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that Plaintiff, Plaintiff's agents, employees, servants, relatives, predecessors, successors, and representatives and others were legally responsible or otherwise at fault in whole or

in part for the damages alleged in the Complaint.  Leonard's Carpet hereby requests that in the event of a finding of liability in favor of Plaintiff or settlement or judgment against Leonard's Carpet, an apportionment of fault may be made among all such others.  Leonard's Carpet further requests a judgment and declaration of partial indemnification and contribution against all other parties, persons and/or entities in accordance with the apportionment of fault.

## SEVENTH AFFIRMATIVE DEFENSE

### (Non-Joint Liability for Non-Economic Damages)

7.     As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, should it be found that Leonard's Carpet is in any manner legally responsible for any damages sustained by Plaintiff, which Leonard's Carpet specifically denies, such liability for any non-economic damages shall be several only and not joint, such that Leonard's Carpet shall be liable only for the amount of non-economic damages allocated to Leonard's Carpet in direct proportion to its percentage of fault, if any.  California Civil Code §§ 1431 and 1431.2.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Take Adequate Precautions)

8.     As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that Plaintiff failed to take precautions which would have avoided and/or diminished Plaintiff's damages, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Sophisticated User)

9.     As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that if Plaintiff's damages were caused by any product installed by Leonard's Carpet, which Leonard's Carpet specifically denies, such product was intended for, and

sold to, a knowledgeable and sophisticated user, over whom Leonard's Carpet had no control or who was fully informed as to the risks and dangers, if any, associated with such product and the precautions, if any, required to avoid those risks and dangers.  By reason thereof, Leonard's Carpet had no duty to warn or to further warn the knowledgeable users of the risks and dangers, if any, associated with the product.  Whatever injury, if any, Plaintiff sustained was proximately caused by the failure of the knowledgeable user of the product to use it for the purpose for which, and in the manner for which, it was intended to be used.

## TENTH AFFIRMATIVE DEFENSE

### (Unforeseeable Use)

10.    As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that any product factually involved in the claims asserted by Plaintiff was not used in the manner in which it was intended to be used, and was instead used in a manner that was abnormal and not reasonably foreseeable.  Such modification, alteration, abuse, misuse, or failure to properly maintain or care for the subject product caused or contributed to Plaintiff's alleged losses, damages, and injuries, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.    As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that the purported causes of action asserted in the Complaint are barred, in whole or in part, by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure § 335 through § 349.3, and including without limitation California Code of Civil Procedure §§ 337, 338, 339, 340, 343, and 361, California Commercial Code § 2725, California Business and Professions Code § 17208, and California Civil Code § 1783.

## TWELFTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

12.     As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action asserted in the Complaint by the doctrine of laches based on Plaintiff's unreasonable and inexcusable delay to the prejudice of Leonard's Carpet.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

13.     As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that, as a result of Plaintiff's own acts and/or omissions, Plaintiff has waived any right which Plaintiff may have had to recover, and/or is estopped from recovering, any relief sought against Leonard's Carpet.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14.     As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action asserted in the Complaint by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

15.     As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that the purported causes of action asserted in the Complaint are barred in whole or in part because Plaintiff was never in privity of contract with Leonard's Carpet.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

16.    As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that the purported causes of action asserted in the Complaint are barred in whole or in part under the economic loss doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Limitation of Warranties)

17.    As a separate and seventeenth affirmative defense to the Complaint and each purported cause of action contained therein, and to the extent it actually was read and relied on or otherwise became part of the bargain, Leonard's Carpet alleges that the purported causes of action asserted in the Complaint are barred in whole or in part because Leonard's Carpet conspicuously limited its express warranty.

## EIGHTEENSIXTEENTH AFFIRMATIVE DEFENSE

### (Indispensable Parties)

18.    As a separate and eighteenth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that the purported claims and causes of action contained in the Complaint require, for complete adjudication, the presence of additional necessary or indispensable parties, without whom the purported claims and causes of action cannot be fully, finally and completely resolved.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

19.    As a separate and nineteenth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that the purported causes of action asserted in the Complaint are barred because Plaintiff lacks standing to assert such purported causes of action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

20.     As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet is informed and believes, and on that ground alleges, that Plaintiff failed to take reasonable measures to preserve products and documents sufficient to identify the alleged Leonard's Carpet product factually involved in the purported causes of action asserted by Plaintiff.   As such, Plaintiff should be barred from pursuing such purported causes of action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

21.     As a separate and sixteenthfirst affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that Plaintiff had a legal and equitable duty to act reasonably in order to mitigate damages, to the extent there were any, arising from the matters alleged in the Complaint.  Leonard's Carpet is informed and believes, and on that ground alleges, that Plaintiff failed to discharge Plaintiff's duty to mitigate alleged damages. Plaintiff is therefore barred from any recovery, or otherwise any recoverable damages must be reduced in proportion to the amount that was mitigated, or could have been mitigated, for Plaintiff's failure, and/or the failure of the persons and/or entities acting on Plaintiff's behalf, to mitigate any purported damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Improper Class Action – Lack of Federal Jurisdiction)

22.     As a separate and seventeenthsecond affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that Plaintiffs as a purported class cannot satisfy the requirements to maintain a class action under Fed. R. Civ. P. Rule 23, and the claims of Plaintiff and of the purported class do not support federal jurisdiction.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Commonality and Predominance)

23.     As a separate and eighteenththird affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that common questions of law and fact, if any, do not predominate.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Superiority)

24.     As a separate and nineteenthfourth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that a class action is not superior to other methods to fairly and efficiently adjudicate the claims alleged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Ascertainability)

25.     As a separate and twentiethfifth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that claims alleged in the Complaint cannot be maintained as a class action because the purported class is not ascertainable.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Manageability)

26.     As a separate and twenty-firstsixth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that the claims alleged are not manageable as a class action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

27.     As a separate and twenty-secondseventh affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet is informed and believes and on that basis alleges that Plaintiff is not an adequate representative of the purported class alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

28.     As a separate and twenty-thirdeighth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that claims alleged in the Complaint cannot be maintained as a class action because Plaintiff cannot establish typicality.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Numerosity)

29.     As a separate and twenty-fourthninth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that claims alleged in the Complaint cannot be maintained as a class action because Plaintiff cannot establish numerosity.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Manageability)

30.     As a separate and thirtieth affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet alleges that the claims alleged are not manageable as a class action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Further Defenses)

31.     As a separate and thirty-first affirmative defense to the Complaint and each purported cause of action contained therein, Leonard's Carpet reserves the right to plead and/or prove further affirmative defenses as they may become known, as it presently lacks sufficient knowledge or information upon which to form a belief as to such additional, as yet unknown, affirmative defenses.

## PRAYER

**WHEREFORE**, Leonard's Carpet prays for relief as follows:

1.     That the Complaint be dismissed, with prejudice and in its entirety;

2.     That Plaintiff take nothing by reason of the Complaint and that judgment be entered against Plaintiff and in favor of Leonard's Carpet;

3.     That class certification be denied;

4.     That Leonard's Carpet be awarded its reasonable attorneys' fees and costs incurred in defending this action; and

5.     That Leonard's Carpet be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 24, 2016                    Respectfully Submitted,


                                            */S/ Alan J. Droste*
                                            ALAN J. DROSTE [SBN 105616]
                                            adroste@kpdlex.com
                                            KING PARRET & DROSTE LLP
                                            450 Newport Center Drive, Suite 500
                                            Newport Beach, CA 92660
                                            Telephone: (949) 939-3484

                                            LAWRENCE M. BUREK [SBN 132001]
                                            lburek@lsblawyers.com
                                            LAW OFFICE OF LAWRENCE M. BUREK
                                            550 Park Center Drive, Suite 204
                                            Santa Ana, CA  92705
                                            Telephone: (714) 564-9033

                                            Attorneys for Defendant
                                            LEONARD'S CARPET SERVICE, INC.

1

## **DEMAND FOR JURY TRIAL**

2

Defendant Leonard's Carpet requests a jury trial on all issues triable to a jury.

3

Dated: February 26, 2016                Respectfully Submitted,

4

5

*/S/ Alan J. Droste*
ALAN J. DROSTE [SBN 105616]

6

adroste@kpdlex.com
KING PARRET & DROSTE LLP

7

450 Newport Center Drive, Suite 500
Newport Beach, CA 92660
Telephone: (949) 939-3484

8

9

LAWRENCE M. BUREK [SBN 132001]
lburek@lsblawyers.com

10

LAW OFFICE OF LAWRENCE M. BUREK
550 North Parkcenter Drive, Suite 204

11

Santa Ana, CA  92705
Telephone: (714) 564-9033

12

Attorneys for Defendant
LEONARD'S CARPET SERVICE, INC.

13

14                  .

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE – CM/ECF

I, Alan J. Droste, hereby certify and declare as follows:

    1.  I am over the age of 18 years and am not a party to the within cause. I am employed in the County of Orange, State of California.

    2.  My business address is 450 Newport Center Drive, Suite 500, Newport Beach, CA 92660.

    3.  On February 26, 2016, I served a true copy of the attached document titled exactly:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LEONARD'S CARPET SERVICE, INC., TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

by filing through the CM/ECF system and thereby causing it to be served via electronic mail to all persons appearing on the docket sheet to receive service in this case, as listed below:

| | |
|---|---|
| Stuart M. Eppsteiner | Joshua J. Pollack |
| sme@eppsteiner.com | jpollack@ScheidemantleLawGroup.com |
| Eppsteiner & Fiorica Attorneys, LLP | Scheidemantle Law Group |
| 12555 High Bluff Drive, Suite 155 | 35 East Union Street, Suite B |
| San Diego, CA  92130 | Pasadena, CA 91103 |

    I certify and declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of February, 2016, in Newport Beach, California.

                /S/ *Alan J. Droste*
                  Alan J. Droste
                  adroste@kpdlex.com
                  (949) 939-3484