UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. GIESE, *individually and on behalf of all those similarly situated*, <br> Plaintiffs, <br> v. <br> BOSTIK, INC., et al. <br> Defendants. | Case No. 15-cv-2670 JM (JLB) <br><br> **ORDER** <br><br> [ECF Nos. 70, 72, 74, 76, 78, 84, 88, 91] |

**I.   Introduction**

This case was a putative class action that commenced on November 30, 2015. (ECF No. 1.) The action was dismissed on September 1, 2016, for the Court's lack of subject matter jurisdiction over the case. (ECF No. 68.) No party appealed the Court's dismissal order.

Before the question of jurisdiction was evaluated and the action dismissed, the Court granted the parties' joint motion for entry of a protective order. (ECF No. 33.) Thereafter, the parties engaged in discovery and exchanged confidential information and materials subject to the terms of the protective order. (*See* ECF No. 96 at 3.)

After this action was dismissed, Plaintiffs refiled their case in the Superior Court of San Bernardino County. (ECF No. 95 at 3.) Defendant Bostik removed the action to the United States District Court for the Central District of California, where it remains pending today. (*Id.*)

1

On February 2, 2017, five months after this case was closed, Plaintiffs filed an *ex parte* application for an order clarifying or modifying the protective order entered in this case. (ECF No. 72.) Shortly thereafter, on February 7, 2017, Defendant Bostik filed an *ex parte* application for an order to show cause why Plaintiffs and Plaintiffs' counsel should not be held in contempt and sanctioned for violating the protective order entered in this case. (ECF No. 76.) Bostik alleges that Plaintiffs violated the protective order when they used Bostik's confidential information subject to the protective order to support their motion for class certification in the action pending before the Central District. (ECF No. 96 at 2–3.)

Because this case had been dismissed for lack of subject matter jurisdiction (*see* ECF No. 68), on February 17, 2017, the Court directed Plaintiffs and Defendant Bostik to supplement their *ex parte* applications with briefing that analyzed whether a judge who issues a protective order in a case that is thereafter dismissed for lack of subject matter jurisdiction has the authority to issue further rulings with respect to the enforcement of the protective order. (ECF No. 94.) The parties filed their supplemental briefs on February 23, 2017. (ECF Nos. 95, 96.)

Having considered the parties' supplemental briefing and the relevant case law, and for the reasons discussed below, the Court concludes that it lacks the authority to issue further rulings with respect to the enforcement of the protective order entered in this case. Accordingly, the Court may not address Plaintiffs' *ex parte* application for an order clarifying or modifying the protective order (ECF No. 72) or Bostik's *ex parte* application for an order to show cause why Plaintiffs and Plaintiffs' counsel should not be held in contempt and sanctioned for violating the protective order (ECF No. 76). The *ex parte* applications are **DENIED as moot**.

## II. Discussion

In their supplemental briefs, Plaintiffs and Bostik disagree as to: (1) whether this case was in fact dismissed for lack of subject matter jurisdiction; and (2) if it was, whether the Court may now issue further rulings to enforce the protective order entered in this case.

Plaintiffs argue that this action was dismissed for lack of subject matter jurisdiction due to Plaintiffs' failure to state facts to sufficiently plead diversity jurisdiction in the Second Amended Complaint. (ECF No. 95 at 3–4 & n.1.) As a result, Plaintiffs argue, the Court lacked jurisdiction to enter the protective order and now lacks jurisdiction to issue contempt orders with respect to this case. (*Id.* at 4–5.) Alternatively, Plaintiffs argue that if the Court concludes that it does have the authority to issue further rulings with respect to the protective order, it should issue an order that confirms Plaintiffs' right to use Bostik's confidential information subject to the protective order in the action now pending before the Central District and deny Bostik's motion regarding contempt. (*Id.* at 2, 6.)

Bostik argues that this case was not dismissed for the Court's lack of subject matter jurisdiction but rather for Plaintiffs' violation of Federal Rule of Civil Procedure 8(a)(1), which requires that all pleadings contain a "short and plain statement of the grounds for the court's jurisdiction." (ECF No. 96 at 5–6.) Consequently, Bostik argues, the Court is not precluded from issuing further orders with respect to the enforcement of the protective order. (*Id.*) Alternatively, Bostik argues that even if this case was dismissed for lack of subject matter jurisdiction, the Court may still find Plaintiffs and Plaintiffs' counsel in contempt for violating the protective order because federal courts are not prohibited from considering collateral issues such as contempt charges after an action is dismissed for want of jurisdiction. (*Id.* at 3–4.)

**1.     This action was dismissed for lack of subject matter jurisdiction**

As stated above, Bostik argues that this Court has the authority to issue further rulings with respect to the enforcement of the protective order entered in this case because the case was not dismissed for lack of jurisdiction but merely for Plaintiffs' violation of a procedural rule.

This action was dismissed by a written order issued by the Honorable Jeffrey T. Miller. The dismissal order states in its entirety,

> On November 11, 2015, Plaintiffs filed the original complaint and, on June 29, 2016, Plaintiffs filed the Second Amended Complaint ("SAC"). The

> court dismisses the SAC because Plaintiffs fail to set forth the basis for the court's subject matter jurisdiction as required by Fed.R.Civ.P. 8(a)(1).
>
> Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).
>
> Here, Plaintiffs have failed to identify the basis for the court's exercise of subject matter jurisdiction. Accordingly, the court dismisses the SAC. The Clerk of Court is instructed to close the file.

(ECF No. 68.)

As noted in Judge Miller's dismissal order, a federal court may not proceed with any action over which it lacks subject matter jurisdiction. The burden of establishing the existence of a court's subject matter jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)). Until this burden is met, a federal court is to presume that an action lies outside of its limited jurisdiction. *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799)). As the parties that brought this action, it was Plaintiffs' burden to show that this Court had a basis to exercise subject matter jurisdiction over the case. *See id.* As Judge Miller made clear in his dismissal order, the Second Amended Complaint failed to make this showing. Plaintiffs neither alleged a violation of federal law nor set forth sufficient facts as to the citizenship of the parties.[1]

---

[1] The Second Amended Complaint alleged where Plaintiffs own homes (ECF No. 48, ¶¶ 11–14), but failed to allege the operative facts for establishing diversity as to natural persons: where Plaintiffs are domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In addition, the Second Amended Complaint alleged where Defendant Bostik is incorporated (ECF No. 48, ¶¶ 3–4), but failed to

4

Bostik would presumably have the Court distinguish between cases where diversity jurisdiction could have been alleged but was not, and those where diversity jurisdiction was not alleged because it could not have been. However, Bostik offers no authority to support this distinction. In this case, Plaintiffs failed to set forth the basis for the court's subject matter jurisdiction. District Judge Miller so found and dismissed the case, after first noting that, "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (ECF No. 68.) Accordingly, Bostik's argument that this case was not dismissed for lack of subject matter jurisdiction fails.[2]

### 2. The Court does not have the authority to issue further orders with respect to the enforcement of the protective order

The parties disagree as to whether the Court may issue further orders to enforce the protective order after this case was dismissed for lack of subject matter jurisdiction. Plaintiffs, relying on the U.S. Supreme Court's ruling in *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988), argue that the Court may not issue such further orders. In *U.S. Catholic Conference*, Abortion Rights Mobilization, Inc. served court-issued subpoenas on U.S. Catholic Conference and the National Conference of Catholic Bishops to obtain discovery on the merits of the litigation. 487 U.S. at 75, 79. When the Conferences refused to comply with the subpoenas, the district court found the Conferences in civil contempt. *Id.* In defense of the contempt citation, the Conferences challenged the district court's subject matter jurisdiction over the underlying action. *Id.* at 75–76. The Supreme Court held that if, on remand, it was determined that the district court

---

allege the operative facts for establishing diversity as to corporate entities: the location of Bostik's state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Nor did Bostik's answer to the Second Amended Complaint provide this information. (*See* ECF No. 57, ¶¶ 3–4.)

[2] This should not surprise Bostik, as its second affirmative defense asserted that Plaintiffs "fail to state facts sufficient to demonstrate that the Court has subject matter jurisdiction" and that the Court "should decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)." (ECF No. 57 at 17.)

lacked subject matter jurisdiction over the underlying action, then any subpoenas that issued for purposes other than to aid in determining jurisdiction were void and a civil contempt order based on a refusal to honor those subpoenas must be reversed. *Id.* at 76. Plaintiffs here argue that under *U.S. Catholic Conference*, the protective order is void and this Court lacks the authority to find Plaintiffs and Plaintiffs' counsel in contempt for a violation of that order because the Court lacked subject matter jurisdiction over this action and because the protective order was not issued only to allow jurisdictional discovery. (ECF No. 95 at 4–5 & n.2.)

Bostik argues that the Court has the authority to grant Bostik's contempt motion even though it was determined that the Court lacked subject matter jurisdiction over this action. Whether to issue contempt charges and sanctions, Bostik argues, are issues that the Court may still consider because they are collateral issues that do not require the Court to adjudicate the merits of a "case or controversy" over which it lacks jurisdiction. (ECF No. 96 at 3.)

Bostik cites to multiple cases in support of this argument. However, none of the cases support the proposition that a court may find a party in contempt for violating a court *order* issued in a case where it was later determined that the court lacked subject matter jurisdiction. In *Willy v. Coastal Corp.*, 503 U.S. 131 (1992), the Supreme Court examined whether a district court had the authority to impose Rule 11 sanctions in a case in which it was later determined that the court lacked subject matter jurisdiction. The Court concluded that the district court had such authority on the basis that

> [the] imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such an order implicates no constitutional concern because it "does not signify a district court's assessment of the legal merits of the complaint." It therefore does not raise the issue of a district court adjudicating the merits of a "case or controversy" over which it lacks jurisdiction.

503 U.S. at 138 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990)).

///

This case is not instructive with respect to the facts presently before the Court. Although *Willy* makes clear that there is no constitutional infirmity in sanctioning a party who violates a court's *procedural rule* in cases where subject matter jurisdiction is lacking, it also makes clear that this authority does not necessarily extend to finding in contempt a party who violates a court's *order* in such a case. As the Supreme Court noted in *Willy*:

> A civil contempt order has much different purposes than a Rule 11 sanction. Civil contempt is designed to force the contemnor to comply with an order of the court; Rule 11 is designed to punish a party who has already violated the court's rules. Given that civil contempt is designed to coerce compliance with the court's decree, it is logical that the order itself should fall with a showing that the court was without authority to enter the decree.
>
> The interest in having rules of procedure obeyed, by contrast, does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction.

503 U.S. at 138–39 (internal citations omitted). Thus, the Court is not persuaded that *Willy* supports Bostik's position that this Court has the authority to find in contempt and sanction Plaintiffs and Plaintiffs' counsel for violating an order that Bostik has not shown the Court had jurisdiction to enter.

Bostik also cites to *Westlake North Property Owners Association v. City of Thousand Oaks* and *Orange Production Credit Association v. Frontline Ventures Limited* in support of its argument. However, in these cases, the Ninth Circuit held only that a district court may impose Rule 11 sanctions in actions dismissed for lack of subject matter jurisdiction and did not address whether a court may find in contempt and sanction a party for violating court orders entered in such cases. *See Westlake*, 915 F.2d 1301, 1303 (9th Cir. 1990); *Orange*, 792 F.2d 797, 801 (9th Cir. 1986). Similarly, in *Reiner v. Graiwer*, the United States District Court for the Central District of California addressed only whether a party could be declared a vexatious litigant after filing numerous and meritless complaints even though the district court lacked subject matter jurisdiction over the case. *See* No. CV 15-7577-GHK (KES), 2015 WL 9999191, at *10 (C.D. Cal. Nov. 25, 2015).

The court did not address whether a district court could find a party in contempt for violating a court order issued in such an action. *See id.*

In addition, *Cooter & Gell v. Hartmarx Corp.* and *Moore v. Permanente Medical Group, Inc.* are not persuasive because they are not cases in which it was determined that the court lacked subject matter jurisdiction over the underlying action. In *Cooter & Gell*, the Supreme Court held it was permissible for a district court to impose Rule 11 sanctions after the parties to that action voluntarily dismissed the case. *See* 496 U.S. at 395–96. And in *Moore*, the Ninth Circuit held that a district court could award attorneys' fees authorized by statute after a federal action was remanded to state court due to the defendant's waiver of its right to removal.[3] *See* 981 F.2d 443, 445 (9th Cir. 1992). Accordingly, these cases do not provide persuasive support for Bostik's argument that this Court has the authority to consider and grant the contempt charges and sanctions that Bostik presently seeks against Plaintiffs and Plaintiffs' counsel.

Even though this Court lacks jurisdiction to issue further rulings on the protective order, the parties are not necessarily without recourse. If either party "wishes to dispute the continued legality or viability of a pre-existing . . . contract" that preceded the protective order entered by the Court, it "may raise this question in state court." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 936 (9th Cir. 1993) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397 (1987)); *accord Hinduja v. Arco Products Co.*, 102 F.3d 987, 990–91 (9th Cir. 1996).

---

[3] Furthermore, none of the cases from other circuits to which Bostik cites are instructive. In *Spradlin v. Richard*, the Sixth Circuit upheld a bankruptcy court's award of sanctions under Rule 16(f) for bad faith and lack of preparedness at a mediation after the court dismissed the operative complaint for lack of subject matter jurisdiction. *See* 572 F. App'x 420, 427–28 (6th Cir. 2014). In *Perpetual Securities Inc. v. Tang*, the Second Circuit upheld the district court's imposition of Rule 11 sanctions even though the court did not have subject matter jurisdiction over the merits of the case. *See* 290 F.3d 132, 141 (2d Cir. 2002). Finally, in *ED Capital, LLC v. Bloomfield Investment Resources Corp.*, the court held that it retained the authority to decide collateral sanctions such as the appropriateness of Rule 11 sanctions despite the underlying action having been dismissed for lack of subject matter jurisdiction. *See* 316 F.R.D. 77, (S.D.N.Y. Mar. 18, 2016).

## III. Conclusion

For the reasons discussed above, the Court concludes that based on its lack of subject matter jurisdiction over this action, it lacks the authority to issue any further rulings with respect to the enforcement of the protective order that was entered in this case. Accordingly, Plaintiffs' *ex parte* application for an order clarifying or modifying the protective order (ECF No. 72), Bostik's *ex parte* application for an order to show cause why Plaintiffs and Plaintiffs' counsel should not be held in contempt and sanctioned for violating the protective order (ECF No. 76), and the accompanying motions to file documents under seal (ECF Nos. 70, 74, 78, 84, 88, 91) are **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: April 14, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge